LEMMON, Judge.
For the reasons assigned in No. 7088, Casimere v. Ryder Truck Rental, Inc., 324 So.2d 855, decided this date, we affirm the judgment of trial court as to liability.
QUANTUM
Mrs. Jasper, 20 years old at the time of the November 10, 1970 accident, sustained *866 an open compound fracture of the tibia, a fracture of the humerus, a large laceration of the scalp, and general lacerations and contusions. Principally because of the seriousness of the leg fracture and the circumferential laceration (% of the way around her leg), she was kept in the hospital until December 14, at which time she was discharged to outpatient status with instructions to avoid weight bearing. She testified that she remained in a wheelchair for one additional month and then walked on crutches for two months thereafter. She was discharged on March 16, 1971, but she testified that she attended Charity Hospital’s outpatient clinic many times thereafter.
She returned to work as a tomato packer in June or July, 1971 but complained that her leg swelled and became painful upon prolonged standing.
Just prior to trial three years after the accident, Mrs. Jasper was examined by an orthopedic surgeon. Her arm fracture had healed, although with some angulation, and had caused her no further problems. She also displayed several scars, the principal ones being on the scalp and in the area of the leg fracture.
The doctor found the leg fracture had healed completely with good alignment. He opined, however, that the laceration of the superficial blood vessels caused pools in the leg, since less blood was returned from the heart because the veins were clotted and cut off, and ascribed this condition as the cause of her complaint of swelling and pain upon prolonged standing. He assigned a 15% permanent disability of the leg, noting that the leg was more susceptible to further injury. He also found chon-dromalacia in the knee, which he stated was likely to cause problems in later life.
The doctor recommended use of an elastic stocking and limitation of intermittent standing to two hours. He stated she could expect discomfort for the rest of her life upon prolonged standing, but not at rest. He opined that she could hold any job which did not require prolonged standing.
The hospital bill was $1,401.20. Although she claimed to be earning $50.00 per week at the time of the accident, the record only supports earnings of $30.00. The record also established that she missed at least 18 weeks of work after the accident because of the injury, and thus lost at least $540.00 in wages, without any consideration of impairment of earning capacity because of the permanent disability.
We hold that the jury abused its discretion in awarding only $10,000.00 on the basis of this record, and we set the award aside. Considering the excruciating pain of the initial injury, the substantial period of painful convalesence, the disfiguring scars, the permanent disability, the persistent condition of pain and swelling upon prolonged standing, and the effect of this permanent condition upon this woman’s ability to earn wages over her 39 years of work-life expectancy, we set the award at $22,500.00. This amount is subject to a credit of $2,500.00, for the reasons assigned in Suit No. 7088.
Accordingly, the judgment of the trial court is amended to increase the award to $22,500.00, subject to a credit of $2,500.00. As amended, the judgment is affirmed.

Amended and affirmed.